Barnard, P. J.
The account of the assets of the estate presented by the executor as such, has been altered but little either by the surrogate or referee.
A few items were added by the referee, in all less than $300. This is mostly made up of ten per cent on sale of a lot at Port Bichard, which fell through, and a subsequent sale which was completed. As to the Decker lot, the proof shows that it was paid for out of the rents of the Ann street property, which was no part of the assets of the estate in respect to this account.
The taxes deducted from the other side of the account do *576 not seem to reach a just result. The taxes paid were upon a piece of land or lands sold to the heirs to realize enough money with which to pay the debts, as the personal estate was insufficient to do so. The taxes were paid by the executor—it may be after the sale—but the heirs received the benefit, and they are the same persons who take benefit under tins decree. It was not right to strike out a fair charge, for the attorney who drew the account. The trustee may employ an attorney, and his compensation, in making up the account, may be put into the account as an expenditure for the estate, the amount of it being subject to the approval of the surrogate upon the hearing. The executor was, of right, entitled to his fees as executor, on the accounting as executor. It is proper to allow a percentage as executor and trustee when the fund is the same, but is changed by the will, or by a decree of a competent court, into a trust fund. In this case the personal estate was entirely separate from the Ann street property, which was created a trust estate from the beginning.
From an examination of the testimony, therefore, the entire corrected account of the executor is correct as presented by him as established, except it may be the old cart, valued at five dollars.
The Decker accounting shows the Selleck thirty dollars to have been accounted.for to the heirs subsequently. The allowance of costs against the executor personally, was not proper under the evidence shown by the appeal book. The decree of the surrogate should, therefore, be reversed with costs to the appellant out of the estate.
The account of the trustee shows a balance of $18,368.54; the referee fixed it at $20,384.60; the surrogate establishes $26,791.88 as the correct amount.
The case, on its general appearance, is plain. The testator died in 1870. He had scarcely any personal estate, and owed many debts. The trust property in Aun street was all there was of value to the estate.
In 1871 by the rents, and by means of an assessment on the owners of the trust fund, the executor had settled the estate proper and had divided $754 among fourteen heirs— $53.86 each. ' This was on July 17, 1871. The executor then went to the surrogate to settle up the estate, and he was charged by the then surrogate $62.50 for a bill against the estate, but no settlement was ever judicially had at that time. It is a fair inference, especially as there is not the slightest evidence of wrong-doing in the case as found by the referee, and as appears to be well founded by the evidence, that the trust account should commence at this date in reality. •
The money paid the surrogate should be allowed. He *577 would make no false bill, and the executor was justified in paying him the bill he presented. In April, 1879, an action was brought in the city of New York to construe the will of the deceased. It was tried by Judge Van Brunt, and he made his findings of fact that the trustee had paid the rents to the defendants, and they are either the same or the successors in title to the same defendants as are parties to this accounting. That decree is a new basis of settlement, and must be followed in all respects. All the parties appeared, or admitted service of the complaint. One is stated to have done so by mail. All the rest had the papers, and signed the admission of service. It was not impossible or even improbable that an admission of service could have been made by mail. The attorneys who had the proceedings in charge were possessed of the very highest professional character, and after this long period of time since the entry of the decree, the judgment of the supreme court should not be collaterally assailed. If this decree be followed, there is little left for dispute in respect to the trust estate.
Under the proof, as returned, the case is not one for a personal charge of $3,034.13 on the trustee for costs of the accounting.
The decree, therefore, on the trustee’s accounting should be reversed with costs to the appellant on this appeal also, to be paid out of the estate.
Dykman and Cullen, JJ., concur.